UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| LLOYD PRICE | * |
| | * |
| Plaintiff, | * CIVIL ACTION NO: |
| | * |
| versus | * |
| | * |
| WAL-MART LOUISIANA, LLC, WAL- | * JUDGE: |
| MART STORES INC., STACY MARTIN, | * |
| THE COCA-COLA COMPANY, AND | * |
| COCA-COLA BOTTLING COMPANY | * MAGISTRATE JUDGE: |
| UNITED, INC. | * |
| | * |
| Defendants. | * |
| | * |

* * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**TO:    THE JUDGES OF THE UNITED STATES DISTRICT COURT**
**        FOR THE WESTERN DISTRICT OF LOUISIANA**

**PLEASE TAKE NOTICE** that Defendants Coca-Cola Bottling Company United, Inc.,

The Coca-Cola Company,[1] Wal-Mart Louisiana LLC, Wal-Mart Stores, Inc., and Stacy Martin[2]

(collectively "Defendants"), pursuant to 28 U.S.C. §§1441 and 1446, hereby remove the above-

captioned action from the 4ʰ Judicial District Court for the Parish of Ouachita, State of Louisiana,

to the United States District Court for the Western District of Louisiana, Monroe Division,

---

[1] The Coca-Cola Company is not a proper party-defendant to this action.  At the time of the incident in question, Coca-Cola Bottling Company United, Inc. owned all of the "Coca-Cola" identified coolers in the Wal-Mart Store located at 2701 Louisville Avenue in Monroe, Louisiana.  The Coca-Cola Company did not own any said coolers, nor did it have any responsibility for servicing said coolers.

[2] Stacy Martin is not a proper party-defendant to this action.  He has been improperly joined and should not be considered for the purposes of determining the existence of diversity jurisdiction.  It is well-settled that co-defendants who are improperly joined need not join in removal.  See *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1261 n.9 (5th Cir. 1988).  In an abundance of caution, however, Mr. Martin joins in this removal.

1

appearing solely for the purpose of presenting this Notice of Removal to this Honorable Court and reserving all rights, and respectfully state as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1.      Plaintiff commenced this action in the 4th Judicial District Court for the Parish of Ouachita on March 1, 2017 by filing a Petition for Damages, bearing Case No. 17-0654, entitled "*Lloyd Price v. Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., Stacy Martin, The Coca-Cola Company, and Coca-Cola Bottling Company United, Inc.  See* Petition, Exhibit "A.""

2.      As will be shown below, this Court has jurisdiction over this matter under 28 U.S.C. §1332(a) because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

3.      Pursuant to 28 U.S.C. 1446(b), "[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable . . . ."  Responses to discovery are considered "other paper" pursuant to 28 U.S.C. § 1446(b).  *See Chapman v. Powermatic, Inc*., 969 F.2d 160, 164-65 (5th Cir. 1992).  This Notice of Removal is timely filed within thirty days of the receipt by Defendants of Plaintiff's discovery responses which indicate, for the first time, that the amount of controversy exceeds 75,000.00, exclusive of interest and costs. *See* Plaintiff's Answers to Interrogatories and Email Transmission of Same, dated July 26, 2017, Exhibit "B."

4.      All Defendants join in and consent to this removal.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS
## BETWEEN PLAINTIFF AND THE PROPERLY-JOINED DEFENDANTS

5.      Plaintiff is, and was the time the Petition was filed, a citizen of the State of Louisiana. *See* Petition, Exhibit "A."

6.      Defendant Coca-Cola Bottling Company United, Inc. is, and was at the time the Petition was filed, an Alabama corporation, with its principal place of business in the State of Alabama.

7.      Defendant The Coca-Cola Company is, and was at the time the Petition was filed, a Delaware corporation, with its principal place of business in the State of Georgia.

8.      Defendant Wal-Mart Louisiana LLC is, and was at the time the Petition was filed, a Delaware limited liability company ("LLC").  The United States Fifth Circuit has held that the citizenship of an LLC is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling*, 542 F.3d 1077 (5th Cir. 2008).  The sole member of Wal-Mart Louisiana LLC is Wal-Mart Stores East, LP, a Delaware limited partnership.  The general partner of Wal-Mart Stores East, LP is WSE Management, LLC, a Delaware limited liability company.  The limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC, a Delaware limited liability company.  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc. an Arkansas corporation with its principal place of business in the State of Arkansas.

9.      Defendant Wal-Mart Stores, Inc. is, and was at the time the Petition was filed, a Delaware corporation with its principal place of business in the State of Arkansas.

10.      Defendant Stacy Martin is, and was the time the Petition was filed, a citizen of the State of Louisiana.  His presence as a Defendant would otherwise destroy diversity.  As set forth below, Defendants allege that Mr. Martin was improperly joined so as to destroy the diversity jurisdiction of this Court. His citizenship should be disregarded and he should be dismissed from this action.  *See Flagg v. Stryker Corp.,* 819 F.3d 132, 136 (5th Cir. 2016) ("[I]f the plaintiff improperly joins a non-diverse defendant, then the court may disregard the citizenship of that

defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant.").

11.     A diverse defendant may establish an in-state defendant was improperly joined for the purpose of defeating its removal rights by demonstrating the inability of the plaintiff to establish a cause of action against the non-diverse party in state court.  *Smallwood v. Illinois Central. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

12.     The *Smallwood* test requires a defendant to show there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Id.* A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.  Alternatively, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Id.*

13.     There is no factual basis for a legal relationship between Mr. Martin and Plaintiff that would give rise to a duty owed. *See Guillory v. Gulf S. Beverages, Inc.,* 506 So. 2d 181, 184 (La. App. 1 Cir. 1987).

14.     Louisiana law is clear that "personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment" and that, rather, "[h]e must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff's damages." *Gros v. Warren Properties, Inc.,* No. CIV.A. 12-2184, 2012 WL 5906724, at *7 (E.D. La. Nov. 26, 2012) (citing *Canter v. Koehring Co.,* 283 So. 2d 716, 721 (La. 1973)).

15.     *Canter,* 283 So.2d at 721, set forth the following factors to consider when determining personal liability of employee-defendant: (1) The employer must owe a duty of care

to the customer; (2) This duty must be delegated by the employer to the particular employee; (3)

The employee must have breached this duty through his own personal fault; and (4) Personal

liability cannot be imposed on the employee simply because of his general administrative

responsibility for performance of some function of employment; he must have a personal duty to

the plaintiff that was not properly delegated to another employee.

16.     In order to assert a claim against Mr. Martin, Plaintiff has to establish that he owed

a "personal duty" to him.  *See Kemp v. CTL Distribution, Inc.,* 440 F. App'x 240, 246 (5th Cir.

2011).  But Plaintiff's allegations against Mr. Martin stem from his administrative duties as store

manager. Plaintiff's Petition states that Mr. Martin, in concert with Defendants Wal-Mart

Louisiana, LLC and Wal-Mart Stores, Inc., is liable to him for the following reasons:

a. Allowing the subject floor to remain wet in a traffic area of the subject store, wherein it posed and presented an unreasonably dangerous and hazardous condition for patrons and/or customers wherein there was a high likelihood that they would slip and/or fall upon the subject wet floor, thereby causing serious injuries;

b. Failure to post appropriate warning signs or otherwise rope off or adequately and safely secure the area where the floor was wet so that patrons and/or customers such as petitioner would not slip and/or fall upon the subject we floor thereby causing serious damages;

c. Failing to act as a reasonable person under the then prevailing circumstances;

d. Reckless disregard for the safety of others;

e. Failing to provide a safe environment for customers, such as petitioner, Lloyd Price;

f. Negligent hiring and/or failure to train of various associates and/or employees of the subject Wal-Mart in an appropriate way to clean the floor so that the floor did not remain wet causing an unreasonably dangerous and hazardous condition for patrons and/or customers on the date of this subject incident;

g. Failure to properly train employees with respect to safety in a manner by which the store would not pose an unreasonably dangerous hazard to patrons and/or customers such as petitioner;

h.  Failure to implement proper safety policy and procedures which would have prevented the incident;

i.  Not cleaning up the fluid from the floor despite having actual, personal knowledge that the drink machine was leaking fluid on the floor, for at least 24 hours prior to the subject fall.

*See* Petition, Exhibit "A" at ¶ 11.

17.  Plaintiff has also plead that, upon information and belief, Mr. Martin had "actual, personal knowledge that a Coca-Cola drink machine was leaking fluid on the floor of the subject store for at least 24 hours prior to the subject fall yet failed to clean up the fluid from the floor or remove the machine form the sales area of the store." *See* Petition, Exhibit "A" at ¶ 9.  But this hollow allegation is simply not supportable, a fact which is conceded by Plaintiff's discovery responses.  When asked to name every individual who he believes has information regarding the allegations contained in his Petition, Plaintiff did not name Mr. Martin. *See* Plaintiff's Answers to Interrogatories, Exhibit "B" at pp. 5-7, Answer No. 9. Instead, he answered:

> Lloyd Price recalls several Wal-Mart employees in the area immediately after he fell; however, he is unable to recall the names.  He believes an accident report was filled out by Wal-Mart which contained their names.

*Id.* at p. 7.

18.  Likewise, Plaintiff did not list Mr. Martin as an individual who he anticipates calling as a witness at trial. *See* Plaintiff's Answers to Interrogatories, Exhibit "B" at pp. 7-8, Answer No. 10.

19.  Mr. Martin executed a sworn affidavit, refuting the allegation that he had personal knowledge that a Coca-Cola drink machine was allegedly leaking fluid on the floor for some 24 hours prior to Plaintiff's fall. *See* Affidavit of Stacy Martin, Exhibit "C" at ¶ 8. He attests that he had no such knowledge of any alleged leak from the Coke machine at issue in this litigation, or

any other Coke machine at the Monroe Wal-Mart store. *Id.* Further, Mr. Martin was not even at work on March 27, 2016, the day upon which Plaintiff claims to have been injured. *Id.* at ¶ 6.

20.     Plaintiff cannot establish that Mr. Martin owed any personal duty to Plaintiff. Thus, Defendants submit that he has been improperly joined and his citizenship must be disregarded for the purpose of determining whether this court can maintain jurisdiction over this case under 28 U.S.C. § 1332(a).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

21.     In the Petition for Damages, Plaintiff alleges that he fell on a wet floor and sustained serious injuries which required him to seek extensive medical treatment. *See* Petition, Exhibit "A" at ¶ 7. Specifically, Plaintiff alleges that his feet slipped out from under him, and he landed flat on his back, striking the concrete floor with his back. *Id.* at ¶ 5. He claims to have suffered extensive injuries to various parts of his body, including his left arm, neck, back, numbness in his fingers and a "host of other injuries." *Id.* at ¶ 6. Plaintiff's Petition alleged damages include past and future loss of enjoyment of life, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future loss of earning capacity, past and future loss of earnings, past and future disability, past and future physical impairment, past and future loss of non-market services (inability to perform activities of daily living and the like), and past and future embarrassment. *Id.* at ¶ 13. Plaintiff also alleged that the amount in controversy exceeds $50,000.00. *Id.* at ¶ 14. However, the precise amount of damages Plaintiff sought to recover was not articulated. *See generally,* Petition, Exhibit "A." Nothing in Plaintiff's Petition indicated that the value of his claims exceeded $75,000.00.

22.     On April 5, 2017, Coca-Cola Bottling Company United, Inc. propounded Interrogatories on Plaintiff and, as expressly authorized by the Louisiana Code of Civil Procedure,

asked him to itemize his alleged damages. Answers thereto were received on July 26, 2017. *See* Plaintiff's Answers to Interrogatories, Exhibit "B."  Specifically, in responding to Interrogatory No. 27, Plaintiff stated that the amount of damages he seeks to recover as a result of the alleged incident exceeds $300,000.00:

ANSWER TO INTERROGATORY NO. 27:

| Lloyd Price - Damages | |
|---|---|
| Past and future loss of enjoyment of life | $75,000.00 |
| Past and future pain and suffering | $75,000.00 |
| Past and future mental anguish and emotional distress | $50,000.00 |
| Past and future loss of household/non-market services | $25,000.00 |
| Past and future physical impairment | $25,000.00 |
| Past and future permanent scarring | $10,000.00 |
| Past and future embarrassment | $50,000.00 |
| Past and future gratuitous medical care | unknown at this time |
| Past medical expenses (not including "unknown") | $13,853.00 |
| Future medical expenses | unknown at this time |
| | |
| Totals (not including "unknown") | $323,853.00 |

*Id.* at p. 15.  Accordingly, these discovery responses indicated—for the first time—that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23.     This Notice of Removal is being filed within thirty days of July 26, 2017, the date on which Defendants received Plaintiff's discovery responses, an "other paper" which indicated that the amount of controversy exceeds 75,000.00, exclusive of interest and costs. *See* Plaintiff's Answers to Interrogatories and Email Transmission of Same, dated July 26, 2017, Exhibit "B."

24.     Defendants do not admit the underlying facts as alleged by Plaintiff or as summarized above.  Further, Defendants expressly deny that they have any liability to Plaintiff.

### OTHER REMOVAL REQUIREMENTS

1.     This Notice of Removal is being filed in the United States District Court for the Western District of Louisiana, Monroe Division, the District Court of the United States for the

district and division within which the state court action is pending, as required by 28 U.S.C. §§1441(a) and 1446(a).

2.      No previous application has been made for the relief requested.

3.      Per 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders as exist in the state court record at the time of removal have been requested and will be filed once received from the state court clerk.  Per 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the 4th District Court for the Parish of Ouachita.

4.      Defendants have complied with all procedural requirements governing removal pursuant to 28 U.S.C. §§1441 and 1446, the Federal Rules of Civil Procedure and the Local Rules of this Court.

**WHEREFORE**, having shown that the procedural and substantive requirements for removal have been met, Defendants Coca-Cola Bottling Company United, Inc., The Coca-Cola Company, Wal-Mart Louisiana LLC, Wal-Mart Stores, Inc., and Stacy Martin respectfully remove this action from the 4th Judicial District Court for the Parish of Ouachita, bearing Case No. 17-0654, to the United States District Court for the Western District of Louisiana, Monroe Division, pursuant to 28 U.S.C. § 1441.

Respectfully Submitted:

IRWIN FRITCHIE URQUHART & MOORE LLC

*/s/ Matthew W. Bailey_____*
MATTHEW W. BAILEY (#21459)
400 Convention Street, Suite 1001
Baton Rouge, Louisiana 70802
Telephone:  (225) 615-7150
Fax: (504) 310-2101
mbailey@irwinllc.com

KELLY JUNEAU ROOKARD (#30573)
GRETCHEN F. RICHARDS (#35782)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Phone (504) 310-2100
Fax (504) 310-2101
kjuneau@irwinllc.com
grichards@irwinllc.com
*Attorneys for Defendant Coca-Cola*
*Bottling Company United, Inc. and*
*The Coca-Cola Company*

BLANCHARD, WALKER, O'QUIN & ROBERTS
(A Professional Law Corporation)

*/s/ Paul M. Adkins (with permission)*_____
PAUL M. ADKINS (#14043)
700 Regions Tower
Post Office Drawer 1126
Shreveport, Louisiana 71163-1126
Phone (318) 221-6858
Fax (318) 221-2967
PAdkins@bwor.com
*Attorneys for Wal-Mart Louisiana LLC,*
*Wal-Mart Stores, Inc., and Stacy Martin*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically filed and delivered to all counsel of record by depositing a copy of same in the United States mail, first class postage prepaid, and this 24th day of August, 2017, at their last known address of record.

*/s/ Matthew W. Bailey*_____

10