

OPC.CV.4558714
DA

# CITATION

| | |
|---|---|
| **LLODY PRICE** | **DOCKET NUMBER: C-20170654** |
| | **SEC: C5** |
| VS | **STATE OF LOUISIANA** |
| | **PARISH OF OUACHITA** |
| **WAL-MART LOUISIANA LLC, WAL-MART STORES INC, STACY MARTIN, COCA-COLA COMPANY, COCA-COLA BOTTLING COMPANY UNITED INC** | **FOURTH JUDICIAL DISTRICT COURT** |

**EAST BATON ROUGE PARISH**

TO:
    COCA-COLA BOTTLING COMPANY UNITED INC
    AGENT FOR SERVICE: JONN MILLER
    9696 PLANK RD
    BATON ROUGE, LA 70811

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this MARCH 1, 2017.

                    OUACHITA PARISH CLERK OF COURT

Also attached are the following:
PETITION

                By:  _DeAnna Albritton_
                      Deputy Clerk

A TRUE COPY
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

FILED BY:  E ROSS DOWNS JR #22340

_____  ORIGINAL
\_\_✓\_\_\_\_  SERVICE COPY
_____  FILE COPY

**Exhibit A**

STATE OF LOUISIANA * PARISH OF OUACHITA
4th JUDICIAL DISTRICT COURT

MAR 01 2017

**LLOYD PRICE**

17-0654

**VERSUS NO.**_____

**WAL-MART LOUISIANA, LLC,**
**WAL-MART STORES, INC., STACY**
**MARTIN, THE COCA-COLA COMPANY,**
**AND COCA-COLA BOTTLING COMPANY**
**UNITED, INC.**

FILED:_____

DANA BENSON

_____
DEPUTY CLERK OF COURT

## PETITION

**NOW INTO COURT**, through undersigned counsel, comes petitioner, LLOYD PRICE, a major domiciliary of the Parish of Ouachita, State of Louisiana, who respectfully represents the following:

1.

Made defendants herein are the following:

A.  **WAL-MART LOUISIANA, LLC,** believed to be a foreign limited liability company authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was the employer of all Wal-Mart employees, and who at all pertinent times herein was the owner and/or operator and had legal guarde of the Wal-Mart Store (#1193) located in Monroe, Louisiana, with a municipal address of 2701 Louisville Avenue, Monroe, Louisiana, with the said Wal-Mart Louisiana, LLC, operating the Wal-Mart store located at said address and being responsible for all matters in connection with the subject store;

B.  **WAL-MART STORES, INC.,** believed to be a foreign corporation authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was the employer of all Wal-Mart employees, and who at all pertinent times herein was the owner and/or operator and had legal guarde of the Wal-Mart Store (#1193) located in Monroe, Louisiana, with a municipal address of 2701 Louisville Avenue, Monroe, Louisiana, with the said Wal-Mart Stores, Inc., operating the Wal-Mart store located at said address and being responsible for all matters in connection with the subject store.

C.  **STACY MARTIN,** believed to be a major domiciliary of the Parish of Ouachita, State of Louisiana, who at all pertinent times herein was acting within the course and scope of his employment with Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc., as Store Manager for the Wal-Mart Store (#1193) located in Monroe, Louisiana, with a municipal address of 2701 Louisville Avenue, Monroe, Louisiana.

D.  **THE COCA-COLA COMPANY,** believed to be a foreign corporation authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was owner of the subject drink machines located inside the Wal-Mart Store (#1193) located in Monroe, Louisiana, with a municipal address of 2701 Louisville Avenue, Monroe, Louisiana, and being responsible for all matters in connection with the subject drink machines.


CASE ASSIGNED TO:
CV. SECT. 5

    E.    **COCA-COLA BOTTLING COMPANY UNITED, INC.,** believed to be a foreign corporation authorized to do and doing business in the State of Louisiana, who at all pertinent times herein was owner of the subject drink machines located inside the Wal-Mart Store (#1193) located in Monroe, Louisiana, with a municipal address of 2701 Louisville Avenue, Monroe, Louisiana, and being responsible for all matters in connection with the subject drink machines.

2.

Defendants, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., Stacy Martin, The Coca-Cola Company, and Coca-Cola Bottling Company UNITED, Inc., are liable unto petitioner, in solido, and/or jointly and/or severally, for the following reasons, to-wit:

3.

On or about March 27, 2016, Petitioner, Lloyd Price, was a guest customer at the Wal-Mart store operated and owned by Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc., with the municipal address of 2701 Louisville Avenue, Monroe, Louisiana.

4.

Petitioner shows that at the time of the subject incident, Lloyd Price was in the front checkout area of the store in the vicinity of various Coca-Cola drink machines which were located near the checkout aisle of the subject store.

5.

Suddenly and without warning, Lloyd Price slipped on water leaking from the Coca-Cola drink machines, causing his feet to slip out from underneath him, landing flat on his back, striking the concrete floor with his back.

6.

As a result of the fall, Lloyd Price sustained extensive injuries to various parts of his body which include, but not limited to the following: left arm pain, neck pain, back pain, numbness in arms and fingers, and a host of other injuries.

7.

Petitioner, Lloyd Price, shows that the subject wet floor in which he slipped and fell upon posed and presented an unreasonably dangerous and hazardous condition to patrons of the Wal-Mart store such as petitioner, and that petitioner sustained serious injuries to

him which has required him to seek extensive medical treatment, care, evaluation, and consultation from various healthcare providers of his choice.

8.

At all pertinent times herein, petitioner shows that the ultimate responsibility for the entire store, the premises, the store floors, maintenance, supervision, and store safety for the Wal-Mart store was vested in the store manager, an employee of defendant, who at all pertinent times herein, was acting within the course and scope of his employment.

9.

Petitioner shows that Stacy Martin, upon information and belief, had actual, personal knowledge that a Coca-Cola drink machine was leaking fluid on the floor of the subject store for at least 24 hours prior to the subject fall yet failed to clean up the fluid from the floor or remove the machine from the sales area of the store.

10.

Petitioner shows that the store employees of the Wal-Mart store, including but not limited to Stacy Martin, allowed the subject floor to remain wet after having knowledge of the wet condition and by not properly warning its customers and/or patrons of the wet floor it posed an unreasonably hazardous and/or dangerous condition to patrons such as petitioner as he walked through the checkout area of the Wal-Mart store.

11.

Petitioner shows that a cause of the subject incident was as a result of the fault, negligence, carelessness and gross negligence of defendants, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., and Stacy Martin, and their subject employees, who at all pertinent times herein were acting within the course and scope of their employment, which renders Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc. liable to petitioners pursuant to the theory of *respondeat superior* and/or the strict liability of said defendants, in the following particulars:

    a.    Allowing the subject floor to remain wet in a traffic area of the subject store, wherein it posed and presented an unreasonably dangerous and hazardous condition for patrons and/or customers wherein there was a high likelihood that they would slip and/or fall upon the subject wet floor thereby causing serious injuries;

b. Failure to post appropriate warning signs or otherwise rope off or adequately and safely secure the area where the floor was wet so that patrons and/or customers such as petitioner would not slip and/or fall upon the subject wet floor thereby causing serious injuries;
c. Failing to act as a reasonable person under the then prevailing circumstances;
d. Reckless disregard for the safety of others;
e. Failing to provide a safe environment for customers, such as petitioner, Lloyd Price;
f. Negligent hiring and/or failure to train of various associates and/or employees of the subject Wal-Mart in an appropriate way to clean the floor so that the floor did not remain wet causing an unreasonably dangerous and hazardous condition for patrons and/or customers on the date of this subject incident;
g. Failure to properly train employees with respect to safety in a manner by which the store would not pose an unreasonably dangerous hazard to patrons and/or customers such as petitioner; and
h. Failure to implement proper safety policy and procedures which would have prevented the incident;
i. Not cleaning up the fluid from the floor despite having actual, personal knowledge that the drink machine was leaking fluid on the floor, for at least 24 hours prior to the subject fall.

12.

Furthermore, petitioner shows that a cause of the subject incident at issue herein was as a result of the fault, negligence, and carelessness of defendants, The Coca-Cola Company and Coca-Cola Bottling Company UNITED, Inc., in the following particulars:

a. Failing to properly inspect the subject drink machine on a routine and periodic basis to make sure that the subject drink machine was properly working;
b. Failing to repair the subject drink machine well prior to the subject accident;
c. Failing to properly maintain the drink machine;
d. Failing to engage in preventative maintenance of the subject drink machine;
e. Failing to act as a reasonable person under then prevailing circumstances;
f. Allowing an unreasonably dangerous condition to exist on the said premises, the defective drink machine which was leaking;
g. Reckless disregard for the safety of others;
h. Having actual or constructive notice that the subject drink machine was unsafe, improperly maintained, and leaking and failing to fix, or remove the drink machine for at least 24 hours prior to the subject fall;
i. Failing to warn that the subject drink machine was leaking; and
j. Failing to comply with reasonable safety practices at all times herein.

13.

In addition, petitioner further shows that he has a claim herein for the following elements of damages as a result of the subject incident: past and future loss of enjoyment of life, past and future pain and suffering, past and future mental anguish and emotional distress, past and future medical expenses, past and future loss of earning capacity, past and

future loss of earnings, past and future disability, past and future physical impairment, past and future loss of non-market services (inability to perform activities of daily living and the like), and past and future embarrassment.

14.

Petitioner shows that the amount in controversy of each claim herein does exceed the total of $50,000.00 exclusive of interest and costs, and demands trial by jury.

**WHEREFORE PETITIONER, LLOYD PRICE, PRAYS** that there be judgment rendered herein in his favor in an amount reasonable in the premises, against defendants, Wal-Mart Louisiana, LLC, Wal-Mart Stores, Inc., Stacy Martin, The Coca-Cola Company, and Coca-Cola Bottling Company UNITED, Inc., in solido, and/or jointly and/or severally, in order for petitioner to be fully compensated for the injuries and damages sustained in the said incident, for all costs of court, for judicial interest from date of judicial demand until paid, for all expert witness fess, and for any and all other full, general, and equitable relief as this Honorable Court may deem fit to grant.

Respectfully submitted:

**THE DOWNS LAW FIRM, A.P.C.**
517 North Washington Street
Bastrop, Louisiana 71220
(318) 281-7677 – phone
(318) 281-2225 – fax

By: _____
**ROSS DOWNS, JR.**
  Louisiana Bar No. 22340
  Arkansas Bar No. 2006061
  Mississippi Bar No. 102185
**KATRINA R. JACKSON**
  Louisiana Bar No. 29604

A TRUE COPY
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

**SERVICE INSTRUCTIONS:**

**Wal-Mart Stores, Inc.**
*Through its registered agent for service of process:*
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809

**Wal-Mart Louisiana, LLC**
*Through its registered agent for service of process:*
CT Corporation System
8550 United Plaza Blvd.
Baton Rouge, LA  70809

**Stacy Martin**
*Through his employer:*
Wal-Mart
2701 Louisville Avenue
Monroe, Louisiana 71201

**The Coca-Cola Company**
*Through its registered Agent for Service of Process:*
CT Corporation System
3867 Plaza Tower Drive
Baton Rouge, LA  70816

**Coca-Cola Bottling Company UNITED, Inc.**
*Through its registered Agent for Service of Process:*
Mr. John Miller
9696 Plank Road
Baton Rouge, LA  70811