# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **LLOYD PRICE** | **CIVIL ACTION NO. 3:17-CV-01069** |
| | **JUDGE TERRY A. DOUGHTY** |
| **VERSUS** | |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAG. JUDGE J.H.L. PEREZ-MONTES** |

## RULING

Plaintiff Lloyd Price ("Price") brought this lawsuit against Wal-Mart Louisiana, LLC; Wal-Mart Stores, Inc.; Stacy Martin; The Coca-Cola Company ("Coca-Cola"); and Coca-Cola Bottling Company United, Inc. ("Coca-Cola Bottling Company"), seeking damages for an alleged slip and fall accident at the Wal-Mart store in Monroe, Louisiana. Pending before the Court is a Motion for Summary Judgment filed by Defendant Coca-Cola [Doc. No. 44] on the issue of liability. The motion is unopposed. For the following reasons, the Motion for Summary Judgment is **GRANTED**.

## I. FACTS:

Price originally filed his petition for damages in the Fourth Judicial District Court for Ouachita Parish, Louisiana, and it was subsequently removed to this Court. In his petition, Price alleges that on or about March 27, 2016, he was a guest customer at the Wal-Mart store operated and owned by Defendants Wal-Mart Louisiana, LLC, and Wal-Mart Stores, Inc., in Monroe, Louisiana, when, suddenly and without warning, he slipped on water leaking from the Coca-Cola drink machines, causing his feet to slip out from underneath him, landing flat on his back, and striking the concrete floor with his back. Price further alleges that, as a result of the fall, he

sustained extensive injuries to various parts of his body, including his left arm, neck, back, and fingers. Price states that the subject wet floor posed and presented an unreasonably dangerous and hazardous condition to patrons of the Wal-Mart store.

Price's petition further alleges that the accident occurred as a result of the fault, negligence, carelessness and gross negligence of the various defendants. With regard to Defendants Coca-Cola and Coca-Cola Bottling Company, Price alleges they were at fault, negligent and careless in the following particulars:

> a. Failing to properly inspect the subject drink machine on a routine and periodic basis to make sure that the subject drink machine was properly working;
>
> b. Failing to repair the subject drink machine well prior to the subject accident;
>
> c. Failing to properly maintain the drink machine;
>
> d. Failing to engage in preventative maintenance of the subject drink machine;
>
> e. Failing to act as a reasonable person under then prevailing circumstances;
>
> f. Allowing an unreasonably dangerous condition to exist on the said premises, the defective drink machine which was leaking;
>
> g. Reckless disregard for the safety of others;
>
> h. Having actual or constructive notice that the subject drink machine was unsafe, improperly maintained, and leaking and failing to fix, or remove the drink machine for at least 24 hours prior to the subject fall;
>
> i. Failing to warn that the subject drink machine was leaking; and
>
> j. Failing to comply with reasonable safety practices at all times herein.

[Doc. No. 1-1, pp. 5-6].

Coca-Cola and Coca-Cola Bottling Company have each filed their own motions for summary judgment. [Doc. Nos. 44 and 42]. Price has filed an opposition to the motion for summary judgment filed by Coca-Cola Bottling Company [Doc. No. 46], but has filed no opposition to the motion for summary judgment filed by Coca-Cola. Coca-Cola asserts in its motion for summary judgment that it and Coca-Cola Bottling Company are separate and distinct corporate entities; that Coca-Cola sells to Coca-Cola Bottling Company syrups and concentrates used to produce Company-licensed beverages in bottles, cans and other authorized containers; that Coca-Cola Bottling Company, and not Coca-Cola, owned all of the "Coca-Cola" identified coolers in the Monroe Wal-Mart; that Coca-Cola Bottling Company serviced and merchandised the "Coca-Cola" identified coolers located in the Monroe Wal-Mart, and was responsible for delivering Coca-Cola product to the Monroe Wal-Mart; and that on the date of the accident, March 27, 2016, Coca-Cola had no responsibility for servicing the Monroe Wal-Mart, nor did it own any "Coca-Cola" identified coolers at the Monroe Wal-Mart.

The Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A

party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

Although a district court may not grant summary judgment simply because a party's motion is unopposed, if a party fails to properly address another party's assertion of fact as required by Rule 56(c), then the district court may consider the fact undisputed for the purposes of the motion and grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it. FED. R. CIV. P. 56(e); *see also Calais v. Theriot,* 589 Fed. Appx. 310, 311 & n.4 (5th Cir. 2015) (per curiam).

**B. Analysis**

Louisiana Civil Code article 2317.1 provides in relevant part that:

The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

La. Civ. Code art. 2317.1 (2014).

In order to carry his burden of proof against Coca-Cola under Louisiana Civil Code articles 2317 and 2317.1 at trial, Price must prove that Coca-Cola was the owner or entity in custody of the "Coca-Cola" identified coolers at issue and was the entity responsible for their maintenance. See *Flenner v. Sewerage and Water Bd. of New Orleans*, 12–0829, pp. 3–4 (La. App. 4 Cir. 3/4/13), 110 So.3d 661, 664; *Moody v. City of New Orleans*, 99–0708, p. 48 (La. App. 4 Cir. 9/13/00), 769 So.2d 670, 672; *Hebert v. St. Paul Fire and Marine Ins. Co.*, 99–0333, p. 4 (La. App. 4 Cir. 2/23/00), 757 So.2d 814, 816; *Thumfart v. Lombard*, 613 So.2d 286, 290 (La. App. 4th Cir.1993). See also, *Davis v. Riverside Court Condominium Ass'n Phase II, Inc.*, 2014-0023 (La. App. 4 Cir. 11/12/14), 154 So.3d 643 (condominium unit lessor did not have custody or *guarde* of unit's hot water system, and therefore lessor could not be liable for any injuries suffered by unit's lessee from hot bathwater); *Mix v. Krewe of Petronius*, 95-1793 (La. App. 4 Cir. 5/22/96), 675 So.2d 792 (no custody or *guarde* where defendant lacked authority to make alterations).

In support of its motion for summary judgment [Doc. No. 44] and its statement of uncontested material facts [Doc. No. 44-2], Coca-Cola produced the affidavit of Jasmine K. Chang, the Manager of Corporate Contractual Affairs, [Doc. No. 44-4], attesting that Coca-Cola and Coca-Cola Bottling Company are separate and distinct corporate entities; that Coca-Cola is the manufacturer of the syrups and concentrates used in the production of Company-licensed soft drinks in bottles, cans and other authorized containers; that Coca-Cola generally does not produce, bottle, can, sell, or distribute such soft drinks anywhere in the United States; that Coca-Cola generally enters into contracts with individual bottling companies throughout the United States, granting to such bottlers, in most instances, the exclusive rights to produce, bottle, can, sell, and distribute such soft drinks in the territories described in the contracts; that on March 27,

2016, (the date of the accident), Coca-Cola Bottling Company held the exclusive right to distribute Company-licensed soft drink products in the Monroe, Louisiana contractual territory, and was responsible for the delivery of such products and providing service to the Wal-Mart Store in Monroe, Louisiana; and that on March 27, 2016, Coca-Cola had no responsibility for servicing the Monroe Wal-Mart store.

Price has filed no opposition to the motion for summary judgment and has filed nothing to contradict Coca-Cola's assertion of facts as required by Rule 56(c) . Further, Price has not produced any evidence demonstrating that Coca-Cola was the owner or custodian of the "Coca-Cola" identified coolers in the Monroe Wal-Mart on the date of the accident. On the contrary, the un-contradicted summary judgment evidence shows that Coca-Cola did not own or have any control over the "Coca-Cola" identified coolers in the Monroe Wal-Mart and was not responsible for their maintenance. Accordingly, the Court finds that Coca-Cola's assertion of facts are considered to be undisputed for the purposes of the motion for summary judgment, and further finds that the motion and supporting materials, including the facts considered undisputed, show that Coca-Cola is entitled to summary judgment in its favor, as a matter of law.

### III. CONCLUSION

For the reasons set forth above, Coca-Cola's Motion for Summary Judgment [Doc. No. 44] is **GRANTED**. Lloyd Price's claims against Coca-Cola are **DISMISSED WITH PREJUDICE.**

MONROE, LOUISIANA, this 31st day of July, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**