UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LLOYD PRICE** | **CIVIL ACTION NO. 3:17-CV-01069** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAG. JUDGE J.H.L. PEREZ-MONTES** |

**RULING**

Pending before the Court is a Motion for Summary Judgment filed by Defendant Coca-Cola Bottling Company United, Inc. ("Coca-Cola Bottling") [Doc. No. 42] on the issue of liability. Plaintiff Lloyd Price ("Price") has filed an Opposition [Doc. No. 46]. Defendant Coca-Cola Bottling has filed a Reply [Doc. No. 49].

For the following reasons, the Motion for Summary Judgment is DENIED.

**I.     FACTS AND PROCEDURAL HISTORY:**

Coca-Cola Bottling has a drink cooler near the self-checkout area at the Monroe, Louisiana Wal-Mart store. At approximately 4:00 p.m., on March 27, 2017, Price arrived at the Wal-Mart with his girlfriend. As he and his girlfriend approached the register, he stepped onto a rubber anti-fatigue mat on the floor near the cooler, and the mat slipped out from under his feet, causing Price to fall, injuring his arm, neck and back. After his fall, his upper body was wet with a brown liquid. Price testified in his deposition that he does not know the source of the brown liquid, how long the liquid was present before he fell, and/or how the liquid got on the floor.

Tedrick Holley ("Holley"), Coca-Cola Bottling's merchandiser employee at the time of the accident, was aware that, during the week prior to the accident, Wal-Mart employees had

been unplugging the cooler on a nightly basis in order to clean the floors, and were forgetting to plug the cooler back in. Holley knew that if a cooler warms from being unplugged, the contents of the cooler sweat and leak water onto the floor.

Holley was aware that his employer, Coca-Cola Bottling, had a policy that if any customer account, such as Wal-Mart, was not leaving a cooler plugged in, then the cooler had to be immediately removed from the sales floor for safety purposes. Yet Holley did not remove the cooler, nor did he tell anyone from Wal-Mart that unplugging the cooler could create a dangerous condition.

There were no warnings on the cooler advising that leaving the cooler unplugged would possibly create a hazard.

Holley serviced the cooler at approximately 8:00 a.m. on the date of the accident. The cooler was plugged in and cooling properly. There was no sweat or condensation within the cooler, and there was no water or liquid on the floor coming from the cooler.

After Price's fall, David Lee Waite ("Waite"), the Wal-Mart manager who was working at the time of the fall, went to the area where Price fell and took some pictures. Waite saw water up around the mat on the floor. The water that he saw was confined to the area underneath the mat, and it did not extend outward. Waite never personally identified the Coca-Cola drink cooler as the source of the water that caused Price to fall. Waite did not check the Coca-Cola drink cooler when he was capturing photographs of the accident scene because it did not appear to him that the water came from the cooler.

The day after the accident, Holley assisted with the removal of the cooler from the sales floor, and he saw no evidence that it had been leaking.

Waite was not aware of any problems with the cooler, never had reason to report a leaking cooler to Coca-Cola, and he did not believe there was a re-occurring issue with condensation or water getting or forming under the subject mat. However, Zachary Green, the Sales Supervisor for Coca-Cola Bottling, testified in his deposition that a Wal-Mart employee told him that the cooler had leaked water and that was the cause of the accident.

In his petition, Price named as defendants Wal-Mart Louisiana, LLC.; Wal-Mart Stores, Inc.; Stacy Martin; The Coca-Cola Company; and Coca-Cola Bottling.

The Coca-Cola Company and Coca-Cola Bottling each filed their own motions for summary judgment. [Doc. Nos. 44 and 42]. The motion for summary judgment filed by Defendant Coca-Cola [Doc. No. 44] was unopposed, and the Court granted it on July 31, 2018. [Doc. Nos. 47 and 48]. Defendant Coca-Cola Bottling asserts in its motion for summary judgment that Price cannot meet his burden of proof under La. Civ. Code art. 2317.1, because he has failed to produce any evidence demonstrating that the hazard on the floor that allegedly caused him to fall was created by Coca-Cola Bottling, or that Coca-Cola Bottling knew or should have known of its existence.

The motion is fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by

identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

**B.  Analysis**

Louisiana Civil Code article 2317.1 provides in relevant part that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

LA. CIV. C. art. 2317.1 (2014).

The threshold issue in a claim under article 2317.1 is whether the thing contained a defect and that the defective condition caused the plaintiff's injury. *See Shuff v. Brookshire Grocery Co. d/b/a Super One Foods,* 45-109 (La. App. 2 Cir. 3/3/10), 32 So.3d 1030, 1032. If this

4

threshold issue is proven, then a plaintiff succeeds only after proving that the owner of such thing either knew or should have known of the defect. *Id*.

Coca-Cola Bottling contends that Price has not shown that Coca-Cola Bottling's cooler was actually defective and caused the hazard which led to his fall, and that Price has no knowledge regarding how the brown liquid got on the floor or how long it had been there. Thus, it argues, Price has not shown that Coca-Cola Bottling's equipment leaked and caused the hazard which led to his fall.

Coca-Cola Bottling further argues that, even if one assumes *arguendo* that its cooler leaked and caused the hazard which led to Price's fall, Price has not shown that it had actual or constructive knowledge of this hazard. Under the provisions of article 2317.1, he must establish that Coca-Cola Bottling had actual or constructive knowledge of a defect in the thing. "Constructive knowledge can be found if the conditions that caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury." *Boutin v. Roman Catholic Church of the Diocese of Baton Rouge*, 14-313, p. 6 (La. App. 5 Cir. 10/29/14),

Price responds that Coca-Cola Bottling had actual knowledge that the subject cooler was being unplugged by Wal-Mart employees at night for at least a week prior to the accident and that the employees were failing to plug it back in. Further, Coca-Cola Bottling had actual knowledge that the subject cooler would leak fluid if being left unplugged for any length of time. In addition, Coca-Cola Bottling violated its own policy by failing to remove the cooler after learning that it was being left unplugged at night. Furthermore, Coca-Cola Bottling was negligent in failing to warn Wal-Mart of the hazard that it was creating by leaving the cooler

5

unplugged. Finally, Coca-Cola Bottling was negligent in failing to place warnings on the cooler itself.

After carefully considering the summary judgment evidence as well as the arguments of the parties, the Court concludes that there are genuine issues of material fact which preclude summary judgment at this point. These factual issues include whether the liquid that caused Price's slip and fall leaked from the Coca-Cola Bottling cooler. The evidence indicates that Holley, Coca-Cola Bottling's employee/agent, had direct knowledge and notice that Wal-Mart, for at least a week prior to the accident, was unplugging the subject cooler in order to clean the floors and was forgetting to plug the cooler back in. Holley's deposition indicates he had personal knowledge that if a cooler warms from being unplugged, the contents of the cooler sweat and leak water onto the floor. Yet he did not tell Wal-Mart of the possible hazard this could create. Although Holley stated he did not see any water the morning of the accident, some of the water that had leaked during that week could have remained under the mat and seeped out. In addition, there are factual issues as to whether Coca-Cola Bottling, through its employee Holley, violated its alleged policy to remove any cooler that was being unplugged at night and whether this violation of company policy contributed to the accident.

In addition, the facts of this case indicate there may be issues of comparative fault. "Under Louisiana law, a motion for partial summary judgment on the determination of tort liability includes a determination of comparative fault. *Williams v. City of New Orleans,* 93-2043 (La. App. 4 Cir. 5/17/94), 637 So.2d 1130, 1132; see also *Rance v. Harrison Co.,* 31,503 (La. App. 2 Cir. 1/20/99), 737 So.2d 806, 810, writ denied, 99-0778 (La. 4/30/99), 743 So.2d 206." *Rea v. Wisconsin Coach Lines, Inc.,* 2014 WL 4999447 (E.D. La. 10/7/2014) at *3. "Ordinarily, the determination of whether negligence exists in a particular case is a question of

fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to a question of comparative fault as well. *Lewis v. Pine Belt Multipurpose Cmty. Action Acquisition Agency, Inc., 48,880 (La. App. 2 Cir. 5/7/14), 139 So.3d 562, 569 writ denied 2014-0988 (La. 8/25/14) and 2014-1190 (La. 8/25/14)"* Id. Accordingly, Coca-Cola Bottling has not carried its burden of showing it is entitled to summary judgment.

### III. CONCLUSION

For the reasons set forth above, Defendant Coca-Cola Bottling Company United, Inc.'s Motion for Summary Judgment [Doc. No. 42] is **DENIED**.

MONROE, LOUISIANA, this 13th day of August, 2018.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**